UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Travis Govan,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Fifth Third Bank,<br><br>　　　　Defendant. | Civil Action No.: 1:15-cv-5274<br><br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Travis Govan, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Travis Govan ("Plaintiff"), is an adult individual residing in Harvey, Illinois, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant, Fifth Third Bank ("FTB"), is an Ohio business entity with an address of 38 Fountain Square Plaza, Cincinnati, Ohio 45263 and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. In or around 2014, FTB began calling Plaintiff's cellular phone, number 312-xxx-0427, in an attempt to collect a debt allegedly owed by Plaintiff.

6. At all times mentioned herein, FTB placed calls to Plaintiff's cellular phone using an automatic telephone dialing system ("ATDS") and using an artificial or prerecorded voice.

7. When Plaintiff answered calls from FTB, he heard a prerecorded message instructing him to stay on the line. After the prerecorded message, Plaintiff was connected to a live representative.

8. During at least two conversations with a live representative shortly after the calls began, Plaintiff requested that the automated calls to his cellular phone cease.

9. Nevertheless, FTB continued to place automated calls to Plaintiff's cellular phone.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein, Defendant called Plaintiff on his cellular phone using an ATDS or a predictive dialer, and using a prerecorded or artificial voice.

12. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been

abandoned." *Id.*

13. Defendant's telephone system(s) have some earmarks of a predictive dialer.

14. When Plaintiff answered calls from Defendant, he heard a prerecorded message before Defendant's telephone system would connect him to the next available representative.

15. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Defendant contacted Plaintiff by means of automatic telephone and prerecorded voice calls to his cellular phone knowing that it lacked consent to call his number in light of his request for the calls to cease. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendant as follows:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
2. Punitive damages; and
3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 16, 2015

                    Respectfully submitted,

                    By /s/ Sergei Lemberg

                    Sergei Lemberg, Esq.
                    LEMBERG LAW, L.L.C.
                    1100 Summer Street, 3rd Floor
                    Stamford, CT 06905
                    Telephone: (203) 653-2250
                    Facsimile: (203) 653-3424
                    Attorney for Plaintiff